**Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000121
20-SEP-2011
07:51 AM**

NO. CAAP-10-0000121

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
MICHAEL A. BREWER, Defendant-Appellant.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR NO. 09-1-1729)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Foley and Ginoza, JJ.)

Defendant-Appellant Michael A. Brewer (Brewer) appeals from the Judgment of Conviction and Sentence (Judgment) entered by the Circuit Court of the First Circuit (Circuit Court)[1] on October 7, 2010. Plaintiff-Appellee State of Hawai'i (State) charged Brewer by complaint with Methamphetamine Trafficking in the Second Degree, in violation of Hawaii Revised Statutes (HRS) § 712-1240.8 (Supp. 2010).[2] A jury found Brewer guilty as charged, and the Circuit Court sentenced him to ten

---

[1] The Honorable Michael A. Town presided over the proceedings relevant to this appeal.

[2] HRS § 712-1240.8 provides, in relevant part:

   (1) A person commits the offense of methamphetamine trafficking in the second degree if the person knowingly distributes methamphetamine in any amount.

years of imprisonment with a mandatory minimum term of one year. See HRS § 712-1240.8(3).

On appeal, Brewer argues that: (1) the evidence was insufficient to support his conviction for methamphetamine trafficking, in light of his procuring agent defense; and (2) the Circuit Court committed plain error in instructing the jury on the procuring agent defense because the instruction was insufficient and confusing. We disagree with Brewer's arguments and affirm Brewer's conviction.

I.

We resolve Brewer's arguments as follows:

1. When viewed in the light most favorable to the State, State v. Ugalino, 107 Hawai'i 144, 158, 111 P.3d 39, 53 (App. 2005), there was sufficient evidence to negate Brewer's procuring agent defense and to support Brewer's conviction. The evidence showed, among other things, that Brewer accepted the purchase money from the undercover officers and returned a few minutes later with methamphetamine to complete the transaction. Brewer had no previous relationship with the undercover officers, and Brewer did not simply refer the officers to a seller, but personally handled the exchange of the money for the methamphetamine. We conclude that there was sufficient evidence to support Brewer's conviction. See State v. Davalos, 113 Hawai'i 385, 388-89, 153 P.3d 456, 459-60 (2007); State v. Gabrillo, 10 Haw. App. 448, 456, 877 P.2d 891, 895 (1994) (stating that the prosecution meets its burden of disproving a defense when the jury believes the prosecution's case and disbelieves the defense).

2. The Circuit Court did not commit plain error in instructing the jury on the procuring agent defense. The Circuit Court gave the jury the Hawai'i Pattern Jury Instructions -- Criminal (HAWJIC) Instruction No. 7.17 (2009) on the procuring agent defense. Brewer did not object to this instruction and thus argues plain error on appeal. We conclude that HAWJIC Instruction No. 7.17 correctly states the law, and accordingly,

2

the Circuit Court did not err in instructing the jury on the procuring agent defense by using HAWJIC Instruction No. 7.17. See Davalos, 113 Hawai'i at 387, 153 P.3d at 458; State v. Balanza, 93 Hawai'i 279, 285-88, 1 P.3d 281, 287-90 (2000); State v. Iuli, 101 Hawai'i 196, 203, 65 P.3d 143, 150 (2003).

II.

We affirm the October 7, 2010, Judgment of the Circuit Court.

DATED: Honolulu, Hawai'i, September 20, 2011.

On the briefs:

Karen T. Nakasone
Deputy Public Defender
for Defendant-Appellant

Stephen K. Tsushima
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

*Craig H. Nakamura*
Chief Judge

*Daniel R. Foley*
Associate Judge

Associate Judge